The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have requested my opinion on a matter concerning public school bidding procedures. Your question is:
 Must a public school district solicit bids when it contemplates purchasing a new commodity (a new copy machine with an accompanying service/maintenance agreement under a lease-purchase arrangement) when the purchase price will exceed ten thousand dollars?
RESPONSE
It is my opinion that the school district must solicit bids for such a contract.
The bidding requirements that apply to public schools are set forth at A.C.A. § 6-21-304, which states in pertinent part:
 (a) All purchases of commodities by any school district, except those specifically exempted by § 6-21-305, shall be made as follows:
 (1) In each instance in which the estimated purchase price shall equal or exceed ten thousand dollars ($10,000), the commodity shall be procured by soliciting bids, provided that the purchasing official may reject all bids and may purchase the commodity by negotiating a contract. If the purchasing official, after rejecting all bids, determines that the purchase should be made by negotiation, then each responsible bidder who submitted a bid shall be notified of the determination and shall be given a reasonable opportunity to negotiate[.]
A.C.A. § 6-21-304(a)(1).
The term "purchase," as used in the above quoted provision, is defined to include lease-purchase agreements. That definition states:
 (3) "Purchase" means and includes not only the outright purchase of a commodity but also the acquisition of commodities under rental-purchase agreements, lease-purchase agreements, or any other type of agreements whereby the school district has an option to buy the commodity and to apply the rental payments on the purchase price thereof[.]
A.C.A. § 6-21-301(3) (emphasis added).
The bidding requirement thus clearly applies to lease-purchase agreements.
I also note that the fact that the contract may include the provision of service and maintenance does not exempt the contract or any part of it from the bidding requirement.
The bidding requirement applies to "purchases" (as defined above) of "commodities." The term "commodities," as used in the statutes quoted above, is defined as follows:
 (1) "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services, other than personal and professional services, purchased for or on behalf of the school district[.]
A.C.A. § 6-21-301(1).
This definition expressly includes "services" other than "personal and professional services." Although the term "personal and professional services" is not defined for purposes of the statute, other interpretive guides are available. This office has consistently adhered to the view, based upon generally recognized authority and common usage, that "personal services" are those services that require special skill, experience, or business judgment. See, e.g., Ops. Att'y Gen. Nos.99-357; 99-136; 95-294; 94-286; 93-418; 93-412; 91-308; 90-037; 90-030. Normally, the term refers to services that are to be provided by a specific person. See, e.g., Interstate Freeway Service v. Houser,310 Ark. 302, 835 S.W.2d 872 (1992). I concur in the view of this matter that has been expressed by my predecessors in the cited opinions. When I apply this view to the contract you have described, I do not interpret service and maintenance on a copy machine to constitute "personal services" within the meaning of the statutory language quoted above.
In interpreting the term "professional services," I must likewise be guided by common usage. The term traditionally refers to services provided by an individual who has received particular professional training to provide the service. For example, legal, architectural, engineering, and land surveying services are typically regarded as professional services. See, e.g., A.C.A. § 19-11-801 (exempting such services from the state bidding requirement). One of my predecessors specifically interpreted the term "professional services," as used in A.C.A. § 6-21-301(1), to contemplate the contracts entered into between teachers and school districts. See Op. Att'y Gen. No. 95-294. Again, I concur in this interpretation, and accordingly, I do not interpret service and maintenance on a copy machine to constitute "professional services" within the meaning of the statutory language quoted above.
For these reasons, I conclude that a lease-purchase agreement under which a school district obtains a new copy machine and associated service and maintenance constitutes a "commodity" within the meaning of A.C.A. §6-21-304(a)(1), and that the district must therefore solicit bids if the purchase price will exceed $10,000.00.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General